UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                          (For Online Publication Only)
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                      **MEMORANDUM & ORDER**
                                                                      18-cr-328 (JMA)

         -against-
                                                                      **FILED**
                                                                      **CLERK**
HARRIS BRUCE LANDGARTEN,
                                                                      12:45 pm, May 13, 2024

                                    Defendant.                        **U.S. DISTRICT COURT**
                                                                      **EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X  **LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Defendant Harris Bruce Landgarten moves, pro se under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, for a four-month reduction of his sentence to a term of imprisonment of six months. (ECF No. 89.) The Government opposes the motion. (ECF No. 91.) Mr. Landgarten timely replied through counsel, asking for a reduction of his sentence to time served. (ECF No. 92.) For the below reasons, the motion is denied.

### I.     DISCUSSION

Section 3582(c)(2) of Title 18 authorizes the Court, on motion or on its own motion, to reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... after considering the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020). Section 1B1.10 of the U.S. Sentencing Guidelines is the applicable policy statement. See U.S.S.G. § 1B.10. "The statute ... establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before

it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Dillon v. United States, 560 U.S. 817, 826 (2010).

All agree that Mr. Landgarten is eligible for a modification of sentence. (See ECF No. 89, at 3 ("Landgarten Mot."); see also ECF No. 91, at 3 ("Gov't Opp."); ECF No. 86, at 3 ("Supl. PSR"); ECF No. 91, at 1 ("Landgarten Rep. Mot.").) The Court sentenced Mr. Landgarten on July 13, 2023, to a term of imprisonment of 10 months, the lowest end of the then-applicable Sentencing Guidelines range of 10–16 months' imprisonment. (Ex. 1 at 47, ECF No. 91-1.) That range was based, in part, on the calculation that Mr. Landgarten had zero criminal history points, resulting in a Criminal History Category of I. (See id. at 16.) As a result, Mr. Landgarten's offense level is reduced by two levels from 12 to 10 under the Guidelines as amended. At offense level 10 and with a Criminal History Category of I, the amended Guidelines range is now 6–12 months' imprisonment. (See Supl. PSR at 3; see also Gov't Opp. at 3.)

Mr. Landgarten argues the Court should reduce his sentence to 6 months, which is the lowest end of the revised applicable Guidelines range of 6–12 months' imprisonment. (See Landgarten Mot. at 8.) In response, the Government argues the Court should decline to reduce Mr. Landgarten's 10-month sentence under 18 U.S.C. § 3553(a), as his sentence "remains sufficient, but not greater than necessary, to achieve the goals of sentencing in this case." (Gov't Opp. at 3.) In reply, counsel for Mr. Landgarten contends this Court should reduce his client's sentence to time-served because: (1) Mr. Landgarten received a § 4C1.1 adjustment to account for his zero-point offender status; and (2) as a result, he now has an amended Guidelines range in Zone B of the Sentencing Table.[1] See Landgarten Rep. Mot. at 1 (citing U.S.S.G. § 5C1.1 cmt. n.10(A)).

---

[1] If a defendant receives a § 4C1.1 adjustment and has a Guidelines range in Zone A or B of the Sentencing Table, "a sentence other than a sentence of imprisonment ... is generally appropriate." U.S.S.G. § 5C1.1 cmt. n.10(A). Post-adjustment, Mr. Landgarten has a total Offense Level of 10, so his resulting amended Guidelines range "now falls with Zone B, not Zone C, of the Guidelines Table." See Landgarten Rep. Mot. at 1.

The Court declines to reduce Mr. Landgarten's sentence. See United States v. Brooks, 891 F.3d 432, 436 (2d Cir. 2018) ("[A] sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)."). Even though the Court sentenced Mr. Landgarten to a term of imprisonment at the bottom of the original Guidelines range, it did not base that sentence on the Guidelines range itself. Rather, it based the sentence on the Section 3553(a) factors. (See Ex. 1 at 47, ECF No. 91-1); see also United States v. Vela, 2024 WL 1621109, at *1 (S.D.N.Y. Apr. 15, 2024). The Court has re-reviewed the record of this case and carefully "considered anew all of the § 3553(a) factors that it originally considered at sentencing." Vela, 2024 WL 1621109, at *1. The 10-month sentence that the Court imposed on Mr. Landgarten "continues to be the least restrictive sentence necessary to satisfy the statutory purposes of sentencing."[2] Id.; see also 18 U.S.C. § 3553(a). Simply put, there has been no material change in circumstances to justify a reduction in that sentence.[3]

---

[2] At sentencing, the Court noted that it had "considered the factors in Title 18, U. S. Code, Section 3553(a) which include, among other things, the nature and circumstances of the offense, and the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law, and to provide a just punishment, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant" and determined that a term of 10 months' imprisonment was appropriate under the circumstances. (Ex. 1 at 44:9–48:4, ECF No. 91-1.) Specifically, the Court stated that it agreed with the Government's characterization of Mr. Landgarten's interaction with the victim investor as "egregious and flagrantly obstructive behavior." (Id. at 46:16–47:2.) Considering the troubling facts of Mr. Landgarten's case, there is no need for the Court to deviate from its prior application of the 18 U.S.C. § 3553(a) factors to his crime.

[3] The Court recognizes that counsel for Mr. Landgarten—for the first time in reply—also advanced compassionate release arguments to support an adjustment of his client's sentence. See Landgarten Rep. Mot. at 2. But arguments raised for the first time in a reply brief are generally deemed waived. See Tardif v. City of N.Y., 991 F.3d 394, 404 n.7 (2d Cir. 2021). Such a rule is meant to "deter[ ] the practice of raising new arguments on reply that the opposing party is unable to respond to." Royal Park Investments SA/NV v. U.S. Bank Nat'l Ass'n, 324 F. Supp. 3d 387, 395 (S.D.N.Y. 2018). Mr. Landgarten may, however, raise his compassionate release arguments in a separate motion if he so chooses.

## II. CONCLUSION

For the above reasons, Mr. Landgarten's motion is DENIED. The Clerk of Court is respectfully directed to close ECF No. 89. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:   May 13, 2024
         Central Islip, New York

                                                    /s/ JMA
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE

4